**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50289 |
| Plaintiff - Appellee, | D.C. No. 3:04-CR-01835-LAB-1 |
| v. | |
| MARIO PEREZ LARA, JR., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Mario Perez Lara, Jr. appeals his sentence, claiming that the trial court erred

by (1) failing to calculate his guideline range on the record and failing to

sufficiently consider the applicability of relevant 18 U.S.C. § 3553 factors;

(2) considering the coercive effect of the imposed sentence, even though coercion

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

is not a relevant § 3553 factor; and (3) imposing a term of supervised release (to be served after a term of imprisonment) on the mistaken assumption that such a sentence was required by Ninth Circuit precedent. In reviewing alleged errors in sentencing, "we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**1.** "All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly. In this sense, the Guidelines are the starting point and the initial benchmark, and are to be kept in mind throughout the process." *Carty*, 520 F.3d at 991 (internal quotations and citations omitted). "The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties . . . ." *Id*. "[T]he district court's total failure to announce its calculated Guidelines range to the parties and to consider expressly the § 3553(a) factors is such a serious departure from established procedures that we will not reject the appeal because of the prejudice prong of plain error review." *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008).

The sentencing court committed plain error when it failed to calculate Lara's guideline range and failed to expressly consider the relevant § 3553(a) factors.

**2.** Lara claims that the district court committed procedural error, causing the sentence to be substantively unreasonable, when it impermissibly considered coercion as a factor in sentencing.

"The improper reliance on a factor Congress decided to omit from those to be considered at revocation sentencing, as a primary basis for a revocation sentence, would contravene the statute in a manner similar to that of a failure to consider factors specifically included in § 3583(e)." *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). In sentencing for a violation of the terms and conditions of supervised release, *Miqbel* prohibits punishment for the underlying criminal conduct leading to the revocation of supervised release. However, it allows the court to "sanction a violator for his 'breach of trust'" in violating the terms and conditions of his supervised release. *Id.* Whether the district court describes the sentence as "coercion," "punishment" or "sanction," under *Miqbel*, the sentence is proper, so long as it is motivated by the breach of trust, instead of the underlying crime.

Here, the district court did not abuse its discretion or impose a substantively unreasonable sentence when it considered (1) the nature of Lara's breach of trust, and (2) the type of sanction that would be effective in restoring the trust of the court.

3

**3.** Having remanded Lara's first claim and having clarified the Ninth Circuit's

*Miqbel* precedent, regarding Lara's second claim, this claim is moot. We point

out, for purposes of resentencing on remand, that a district court, when imposing a

revocation sentence, may impose a term of incarceration without imposing a

subsequent term of supervised release. *See* 18 U.S.C. § 3583(h).

Therefore, we VACATE the sentence and REMAND this case to the district

court for resentencing.